█ In the Matter of the Claim of ANNA HOWARD, Respondent, against ONE EAST END AVENUE CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by an employer and its carrier from a decision of the Workmen's Compensation Board which awarded death benefits to the widow of a deceased employee. Decedent was employed as a superintendent of an apartment house owned by the employer. There is some proof in the record that prior to the alleged accident he had a history of precardial distress and suffered some arteriosclerotic heart disease. The claim here is that on the evening of June 1, 1951 decedent was called upon to take care of an elevator car that was stuck in the roof switch over the building.

Claimant testified that he returned to their quarters about an hour and a half later, and that he was in a state of collapse, wringing wet, shaking all over, pale and gasping for breath. She further testified that he told her he had walked up 16 flights to the elevator over head and was suffering from terrible chest pains and that his arms hurt him. A few hours later he was taken to the hospital for emergency treatment and remained in the hospital for several days. Thereafter he was taken home but received intermittent treatments every three or four days. He finally collapsed and died on November 15, 1951. When first taken to the hospital and examined his electrocardiograph showed, among other things, auricular fibrillation. The real issue in the claim so far as causal relation is concerned is whether the record contains any corroboration of the hearsay testimony of the claimant that decedent told her that he had climbed 16 flights of stairs prior to his attack. There is some testimony in the record given by an elevator operator that he carried decedent up in another elevator car as far as the penthouse of the apartment house on a Friday evening in June, 1951 for the purpose of dislodging another elevator car that was stuck in the roof switch. However this witness was not certain as to the date and his testimony on that score was so vague that the board was under no obligation to accept it, and certainly had the right to reject it if it so chose. So the issue may be narrowed to that of corroboration. The Workmen's Compensation Law (§ 118) provides " Declarations of a deceased employee concerning the accident shall be received in evidence and shall, if corroborated by circumstances or other evidence, be sufficient to establish the accident and the injury." The physical appearance of decedent when he returned from his mission on the evening in question was the subject of direct testimony and might, we think, be certainly taken as evidence that something unusual had happened to him. Moreover it would not appear that he had any motive at the time of telling his wife that he had climbed that number of flights unless he had actually done so. In addition to that there is respectable testimony by way of his medical evidence that no auricular fibrillation had ever been noted before. When taken to the hospital decedent told the examining doctor that his attack occurred after climbing 14 flights of stairs, or at least the hospital record so indicates. Under the circumstances we think there was corroboration of the hearsay testimony. Once such testimony is accepted the medical testimony on the issue of causal relation strongly supports the conclusion that decedent's death was the terminal end of a heart attack brought on by extraordinary exertion. So far as the issue of notice is concerned there is testimony to the effect that the employer's district manager came to the decedent's home a few days after the incident and was told by the decedent himself what had happened. From this testimony the board could infer that the employer knew or should have known that decedent's illness was due to a heart attack probably attributable to his work. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.